UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case Number: 20-62548-CIV-MARTINEZ

GUY CHERUBIN,

    Petitioner,

v.

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER DENYING 28 U.S.C. § 2254 PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** came before this Court on Petitioner Guy Cherubin's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) Petitioner challenges his convictions for sexual battery and attempted murder in Case No. 08-CF-24301-A, in the Seventeenth Judicial Circuit in and for Broward County, Florida. The Court has considered the Petition and the State's Response, (ECF No. 9), along with the supporting appendix and state court transcripts, (ECF Nos. 10, 11), and Petitioner's Reply, (ECF No. 14). For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

On December 4, 2008, Petitioner was charged by information with two counts: (1) sexual battery – great force used; and (2) attempted murder in the first degree. (Resp't Ex. 1, ECF No. 10-1 at 2–3.) Prior to trial, the parties stipulated that Petitioner's semen was found on the victim. (Resp't Ex. 2, *id.* at 5–6.) Also prior to trial, defense counsel filed a Notice of Intent to Rely on Insanity Defense. (Resp't Ex. 25, ECF No. 10-3 at 52.)

At trial, the State presented the following evidence. The victim testified that on the night of the assault, she had been drinking at a bar with her friend. (Trial Tr., ECF No. 11-1 at 307:12–308:14.) She exited the bar at around 2:00 a.m. and was looking for her friend when a man came up behind her and began dragging her across the street to the beach. (*Id.* at 309:17–310:2.) Once they got to the beach, the man severely beat her and raped her. (*Id.* at 310:5–312:4–7.) The victim was treated at the hospital. (*Id.* at 315:21–316:1.) She had fractured ribs, both her eyes were black and blue for six months, and her head was swollen. (*Id.* at 316:2–8.)

Petitioner's DNA was found on the victim. (*Id.* at 384:16–385:7.) At trial, the victim's hospital records and photos of her injuries were admitted into evidence. (*Id.* at 374:8–25; 448:3–20.) Following the State's case-in-chief, the defense sought to prove its insanity defense by calling an expert in forensic and clinical psychology, who testified that Petitioner suffered from a serious mental illness but probably did not meet the legal criteria for insanity. (ECF No. 11-2 at 96–326.)

The jury found Petitioner guilty of sexual battery as charged and guilty of the lesser-included offense of attempted murder in the second degree. (Resp't Ex. 3, ECF No. 10-1 at 8.) Petitioner was sentenced to life in prison. (Resp't Ex., *id.* at 60.)

Following a direct appeal and state post-conviction review, on December 4, 2020, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, raising three grounds of ineffective assistance of appellate counsel and six grounds of ineffective assistance of trial counsel. (ECF No. 1.)

## II. LEGAL STANDARD

### A. *Standard of Review Under 28 U.S.C. § 2254*

To obtain federal habeas relief, a state prisoner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The prisoner

must have exhausted his state court remedies prior to filing the federal habeas petition. § 2254(b). The Court may grant habeas relief only if the state court's decision on the merits of the federal claim was: (1) "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented" in the state court proceeding. § 2254(d)(1)–(2). This standard is highly deferential to state court decisions. *Wilson v. Sellers*, 584 U.S. 122, 125 (2018).

"A decision is 'contrary to' clearly established federal law if the state court applied a rule that contradicts governing Supreme Court precedent, or if it reached a different conclusion than the Supreme Court did in a case involving materially indistinguishable facts." *James v. Warden*, 957 F.3d 1184, 1190 (11th Cir. 2020) (citing *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). A state court decision involves an "unreasonable application of clearly established federal law" if prior Supreme Court decisions "clearly require[d] the state court" to reach a different result. *Kernan v. Cuero*, 583 U.S. 1, 3 (2017). In addition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1).

### B. *Ineffective-Assistance-of-Counsel Principles*

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his attorney's efforts fell below constitutional standards and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668 (1984). To establish deficient performance, the petitioner must show that "no competent counsel" would have taken the action counsel took. *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citation omitted). To establish prejudice, the

petitioner must show a "reasonable probability" that, but for his counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

## III. DISCUSSION

### A. *Ground One: Ineffective Assistance of Appellate Counsel*

In Ground One, Petitioner alleges that appellate counsel was ineffective for failing to appeal the trial court's denial of Petitioner's motion to disqualify the trial judge. (Pet. at 3–4, ECF No. 1.) In that motion, Petitioner alleged that the trial judge, Judge Jeffery R. Levenson, displayed bias in favor of the prosecution by remarking "touchdown" following the testimony of the State's expert in forensic psychology, Dr. Lori Butts. (Resp't Ex. 4, ECF No. 10-1 at 11–13.)

This claim does not merit habeas relief because it involves questions of state law. Although the *Strickland* standard for ineffective assistance claims is a federal standard, "when the validity of the claim that appellate counsel failed to raise turns on state law," federal courts must "defer to the state's construction of its own law." *Pinkney v. Sec'y, Dep't of Corr.*, 876 F.3d 1290, 1295 (11th Cir. 2017) (citation and quotation omitted). In Florida, a motion to disqualify a judge is governed by Florida Rule of Judicial Administration 2.330. Therefore, "[t]he validity of the claim that [Petitioner's] counsel failed to assert—that the state trial court judge was subject to disqualification—is clearly a question of state law." *Knight v. Sec'y, Fla. Dep't of Corr.*, No. 17-12284-F, 2017 WL 5593485, at *3 (11th Cir. Aug. 22, 2017).

Moreover, this claim is refuted by the record. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (a petitioner is not entitled to an evidentiary hearing where his allegations of ineffective assistance are "affirmatively contradicted by the record"). Judge Levenson's full remark was, "It's like Aaron Rodgers, 'touchdown, double-check,'" and it was made in response to the prosecutor's comment, "I'm just doing a double-check here." (Trial Tr.,

ECF No. 11-2 at 462:9–12.) Judge Levenson's remark was *not* about Dr. Butts' testimony. The State points out that throughout the proceedings, Judge Levenson used humor and made references to well-known commercials. As such, his remark did not suggest bias towards the prosecution, and appellate counsel was not ineffective for failing to raise the issue on appeal.

### B. *Ground Two: Ineffective Assistance of Appellate Counsel*

In his second ground, Petitioner alleges that appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred in denying his motion to interview jurors. (Pet. at 5.) This claim does not merit habeas relief because Petitioner's request to interview jurors arose solely under state law—specifically, Florida Rule of Criminal Procedure 3.575. (Pet. at 6); *see DiTullio v. Sec'y Dep't of Corr.*, No. 19-CV-813, 2022 WL 4464752, at *22 (M.D. Fla. Sept. 26, 2022) ("Whether [Petitioner's] request to interview jurors . . . should have been granted turns on a question of state law."). Thus, whether appellate counsel was ineffective for failing to appeal the denial of this motion turns on state law and cannot provide a basis for habeas relief.

### C. *Ground Three: Ineffective Assistance of Appellate Counsel*

In Ground Three, Petitioner alleges that appellate counsel was ineffective for failing to appeal the denial of his motion for a new trial on two grounds: (a) the trial court lacked authority to rule on the motion based on the pending motion for disqualification; and (b) a new trial was warranted because Judge Levenson commented on the weight of the evidence and the credibility of the State's expert witness by remarking "touchdown." (Pet. at 6; Resp't Ex. 21, ECF No. 10-1 at 216–21.)[1] For the reasons explained in Ground One, *supra*, ground (a) involves state law and cannot provide a basis for habeas relief; and ground (b) is refuted by the record because Judge

---

[1] The Petition appears to be missing a page of supporting facts for this claim, (*see* Pet. at 6–7), but this Court relies on the supporting facts Petitioner included in his state habeas petition, which raised the same claim, (*see* ECF No. 10-1 at 216–21).

Levenson's "touchdown" remark was not a comment on the evidence. Thus, appellate counsel was not ineffective for failing to raise these issues, and Ground Three is without merit.

### D. *Ground Four: Ineffective Assistance of Trial Counsel*

In Ground Four, Petitioner alleges that trial counsel was ineffective for advising him to reject the State's thirty-year plea offer and proceed to trial under the insanity defense. (Pet. at 7.) Petitioner cannot show either deficient performance or prejudice on this claim. As to performance, counsel made a reasonable strategic choice to advise Petitioner to pursue the insanity defense. Although the defense's expert ultimately testified at trial that it was unlikely Petitioner was insane at the time of the offense, the report the expert submitted prior to trial stated that it was "exceptionally likely" Petitioner was insane. (Resp't Ex. 25, ECF No. 10-3 at 60). It was reasonable for counsel to rely on the expert's report. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Even though counsel was ultimately wrong in his alleged prediction that the insanity defense would succeed, "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." *Lafler v. Cooper*, 566 U.S. 156, 174 (2012).

As to prejudice, Petitioner cannot show that he would have accepted the plea but for counsel's misadvice. The record shows that Petitioner rejected the State's thirty-year plea offer twice—both when the State first informed him of it and again when his attorney discussed it with him. "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991). "Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Here, Petitioner "cites no evidence to indicate that prior to his conviction he expressed any desire

to plead guilty." *Id.* "Given [Petitioner's] awareness of the plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." *Id.*

### E. *Ground Five: Ineffective Assistance of Trial Counsel*

In Ground Five, Petitioner alleges that trial counsel was ineffective for failing to impeach the victim with her prior inconsistent statements. (Pet. at 8–9.) Petitioner claims that the victim's testimony at trial was inconsistent with certain statements she gave to police about various details of the incident. (*Id.*) In rejecting this claim, the state habeas court adopted the reasoning of the State's response, which argued that each example Petitioner gave of purported inconsistencies in the victim's statements either involved statements that were in fact consistent with one another or statements about minor details that were immaterial to the case. (Resp't Ex. 25, ECF No. 10-2 at 94–98.) By adopting this reasoning, the state court's rejection of this claim involved factual determinations that are presumed correct. 28 U.S.C. § 2254(e)(1).

Furthermore, Petitioner cannot show prejudice on this claim because he has not identified a single inconsistency in the victim's testimony that would have changed the outcome of the trial. *See Fugate v. Head*, 261 F.3d 1206, 1219 (11th Cir. 2001) (quoting *Messer v. Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985)). Petitioner's defense at trial was insanity; it was never in dispute that the assault occurred. Petitioner does not explain how any of the alleged inconsistencies in the victim's testimony were relevant to the issue of insanity. Accordingly, Ground Five is without merit.

### F. *Ground Six: Ineffective Assistance of Trial Counsel*

In Ground Six, Petitioner alleges that trial counsel was ineffective for failing to object or to move for a mistrial based on the prosecutor's improper comments. (Pet. at 10.) Specifically,

Petitioner refers to the prosecutor's use of the terms "rape, brutal rape, sadistic rape, rapist, etc.—at least 82 times throughout the trial." (*Id.*) Petitioner cannot show deficient performance or prejudice on this claim because the prosecutor's comments were not improper under federal law. *See United States v. Knight*, 381 F. App'x 942, 946–47 (11th Cir. 2010) ("prosecutor's repeated use of the word 'rape' was neither improper nor unduly prejudicial" in a sexual assault trial); *Russ v. Dep't of Corr.*, 476 F. App'x 706, 710 (11th Cir. 2012) ("based on the evidence presented at trial, the prosecutor's reference to [Petitioner] as a sexual predator was a fair comment.").

### G. *Ground Seven: Ineffective Assistance of Trial Counsel*

In Ground Seven, Petitioner argues that trial counsel was ineffective for failing to object or to move for a mistrial when the trial judge improperly commented on the weight of the State's evidence. (Pet. at 12–13.) This claim refers again to Judge Levenson's "touchdown, double check" remark which, as explained in Ground One, *supra*, was not a comment on the State's evidence. Thus, this claim is refuted by the record. *See Winthrop-Redin*, 767 F.3d at 1216.

### H. *Ground Eight: Ineffective Assistance of Trial Counsel*

In Ground Eight, Petitioner alleges that trial counsel was ineffective for failing to investigate or call to testify the victim's friend, who was with her on the night of the incident. (Pet. at 13–14.) Petitioner alleges that the friend's testimony would have "likely cast doubt on his guilt" because she would have testified that the victim was "exceedingly drunk that night, and that she tried to get [the victim] the leave the bar, but [the victim] refused because she wanted to go walk on the beach with Petitioner." (*Id.* at 14.) Petitioner claims that the friend's "testimony in this regard could have been used to impeach [the victim] since [she] claimed at trial that she did not go to the beach voluntarily with Petitioner." (*Id.*) Petitioner argues that this testimony would have exonerated him by showing that the sex was consensual. (*Id.*)

Petitioner cannot show prejudice on this claim because his allegations about how the victim's friend would have testified are entirely speculative. *See Streeter v. United States*, 335 F. App'x 859, 864 (11th Cir. 2009) ("In a habeas petition alleging ineffective assistance of counsel, mere speculation that missing witnesses would have been helpful is insufficient to meet the petitioner's burden of proof."). As the State points out, Petitioner does not offer an affidavit from the victim's friend setting forth her alleged testimony. *See id.* (The petitioner "failed to offer an affidavit from [the uncalled witness] setting forth his potential testimony"). Moreover, even if this witness were available to testify and would have testified as Petitioner claims, there is no reasonable probability that this putative testimony would have changed the outcome of trial. The friend's alleged testimony would have been contradicted by the victim's own testimony, and Petitioner does not allege that the friend witnessed the assault. Any defense that the sex was consensual would have been refuted by the photographs of the victim and her hospital records showing that she was brutally beaten, along with the evidence of similar sexual assaults committed by Petitioner that the State would have introduced under *Williams v. State*, 110 So. 2d 654 (Fla. 1959).² (Trial Tr., ECF No. 11-1 at 286:13–21.) Accordingly, Ground Eight is without merit.

### I. *Ground Nine: the Cumulative Effect of Counsel's Errors*

In Ground Nine, Petitioner alleges that the cumulative effect of counsel's errors deprived him of a fair trial. This claim fails because, for the reasons explained above, Petitioner has not shown that any one error amounted to ineffective assistance of counsel. *See United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011) ("Where there is no error or only a single error, there can be no cumulative error").

---

² The "Williams rule," codified at Fla. Stat. § 90.404(2), allows introduction of evidence of other crimes or acts by the defendant that are relevant to prove a material matter in the prosecution.

## IV. EVIDENTIARY HEARING

Petitioner is not entitled to an evidentiary hearing because he has not alleged specific facts that, if true, would entitle him to habeas relief. *See Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, [Petitioner] is not entitled to an evidentiary hearing.").

## V. CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, (ECF No. 1), is **DENIED**.

2. A certificate of appealability is **DENIED**. *See Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000).

3. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

4. A final judgment shall be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29 day of March, 2024.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Guy Cherubin, *pro se*
All counsel of record